

FILED

FEB - 5 2020

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT **3:20 CR 86** |
| | ) | **JUDGE ZOUHARY** |
| Plaintiff, | ) | **MAG. JUDGE KNEPP** |
| | ) | |
| v. | ) | CASE NO. |
| | ) | Title 18, United States Code, |
| DARREL K. KISTLER, | ) | Sections 371, 666, and 1001 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## GENERAL ALLEGATIONS

At all times relevant to this indictment:

1. Defendant DARREL K. KISTLER was a resident of Allen County, Ohio.

2. Samuel A. Crish was the Allen County Sheriff. As sheriff, he was an agent of a local government and any agency thereof. In this capacity, Crish, made decisions and took actions on questions, matters, suits, and proceedings that involved municipal court prosecutors from the Office of the Law Director, Criminal Division, for Lima, Ohio, and included:

   a. Investigating criminal cases and criminal law violations occurring within Allen County;

   b. Presenting cases and recommending charges to the municipal court prosecutors from the Office of the Law Director, Criminal Division, for Lima, Ohio; and

   c. Serving as a witnesses for the prosecution in cases brought by the Office of the Law Director, Criminal Division, for Lima, Ohio.

ORIGINAL

3.      For each one-year period between January 1, 2015 and December 31, 2016, the Allen County Sheriff's Office was an agency of local government that received federal assistance in excess of $10,000.

4.      Backpage.com was a public website used frequently to solicit prostitution by placing ads for various "services" such as female escorts and massages.

5.      Beginning no later than in or around June 2015 and continuing until August 19, 2015, KISTLER used his personal cell phone hundreds of times to search the "Female Escorts" and "Body Rubs" sections of backpage.com for several cities, including Lima, Toledo, and Bowling Green, Ohio, as well as Tampa, Florida, and Fort Wayne, Indiana.

6.      During this time, KISTLER visited the following URLs and associated webpages numerous times:

     a.   http://limaoh.backpage.com/FemaleEscorts/;

     b.   http://limaoh.backpage.com/BodyRubs/;

     c.   http://toledo.backpage.com/FemaleEscorts/;

     d.   http://bowlinggreen.backpage.com/FemaleEscorts/; and

     e.   http://fortwayne.backpage.com/FemaleEscorts/.

KISTLER visited similar backpage.com sites for Chicago, Milwaukee, and other U.S. cities and locations.

7.      These various websites contained links to ads for "Female Escorts" and "Body Rubs." KISTLER accessed these ads hundreds of times. The ads described the offered services in varying detail. For example:

     a.   "Sensual (Nude) body on body Rub . . . .";

     b.   "Sweet blonde very petite . . . call me!!!";

   c. "Red Light Special";

   d. "Sexy, fun and a pretty good massage too!";

   e. "Come on and dance with me!!";

   f. "QUALIFIED ((To Leave You )) SATISFIED . . . Biggest Chest in the Midwest";

   g. "$80 Sensual Nude Body2Body Rubs!!!";

   h. "Looking for the beautiful girl next door?";

8. On August 12, 2015, KISTLER visited an ad entitled "New Girl Alert!!! Mia Is Here!" under the "Female Escorts" section of limaoh.backpage.com. The ad included photos of a woman dressed and posed in a sexually provocative manner, stating "My personality & the talent I possess will leave you on edge and lusting for more . . . . Waiting on ur call fetishes are welcome . . . Come treat yourself to seduction." The ad further said that "[b]y contacting me you are agreeing that . . . 1. Solicitation is a crime, you will not offer any $$$ for any sexual act at all!! . . . 2. Donations are for my time & companionship only . . . Nothing else, Nothing more! . . . 3. Violations of this agreement will result in termination of your visit with me . . . No exceptions."

9. On August 12, 2015, KISTLER also visited a backpage.com ad entitled "Sneak Away & Come Play . . . Heaven on Earth," under the "Female Escorts" section of limaoh.backpage.com. The ad indicated that "Pleasing you is MY mission . . . I am a Playful Bombshell who wants to please YOU . . . 100% Clean . . . 100% Unrushed Service . . . 100% Safe . . . Independent . . . In/Out . . . ." The ad's author identified herself as "Erica" and gave a number with a 419 area code. The ad included photos of a woman dressed and posed in a sexually provocative manner.

3

10. On August 18 and 19, 2015, KISTLER attempted to call the phone number associated with the "New Girl Alert!!!" ad three times, but he only connected for a few seconds on each attempt.

11. On August 19, 2015, KISTLER called "Erica's" number and then texted immediately "Hey. Good Afternoon." After exchanging texts and phone calls, KISTLER arranged to meet "Erica" in Lima, Ohio. In a recorded phone call, KISTLER said he wanted to see her for no more than 30 minutes. She asked if he "could do fifty," and KISTLER agreed, saying he would be at the address in 15 or 20 minutes.

12. KISTLER arrived at the address, a residential duplex, and was met inside by local law enforcement officers. KISTLER initially told the officers that he was there to purchase furniture but then admitted that he was there for sex. Several local law enforcement officers were present, including Samuel A. Crish, and they arrested KISTLER.

13. KISTLER was charged in Lima Municipal Court with soliciting prostitution in violation of Ohio Revised Code § 2907.24(A)(1). The court assigned case number 15CRB02285, he pleaded not guilty, and he was released from custody.

14. On or about September 23, 2015, Samuel A. Crish visited KISTLER at his business and asked him for a "loan." On September 25, 2015, KISTLER wrote a personal check to Crish for $7,000, writing "loan" on the memo line. KISTLER and Crish agreed that the loan would have 0% interest and no repayment terms other than Crish's promise to pay the money at some point. Crish cashed the check that day at KISTLER's bank.

15. On or about November 24, 2015, Crish appeared at the Lima municipal court and demanded that prosecutors dismiss KISTLER's solicitation case. The case was dismissed in February 2016.

16. On March 3, 2016, law enforcement officials, including a special agent from the Federal Bureau of Investigation, interviewed KISTLER. The FBI was a bureau within the United States Department of Justice, a department within the executive branch of the Government of the United States. The FBI is authorized to investigate public corruption, including paying bribes to law enforcement officials for their assistance in having criminal cases dismissed.

17. During the interview, KISTLER said he did not know backpage.com was a website for prostitution. He said that he was searching for ads under the "massage column" and believed he was interacting with "a massage business." When he arrived at the agreed location on August 19, 2015, the address did not appear to him to be a business, but he went inside anyway out of "curiosity." KISTLER told the agents that the $7,000 check he gave to Crish was "not a bribe," but that he was simply helping someone in need. KISTLER believed the solicitation case was dropped because the prosecutor "didn't have a case to begin with." KISTLER's statements suggested he had no motive to bribe Crish.

## COUNT 1
(Conspiracy, 18 U.S.C. § 371)

The Grand Jury charges:

18. The allegations in paragraphs 1 through 17 of the indictment are incorporated here.

19. From on or about September 23, 2015 until on or about March 1, 2016, in the Northern District of Ohio, Western Division, Defendant DARREL K. KISTLER, along with Samuel A. Crish, did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree with each other to commit the following offenses against the United States:

    a. For an agent of a local government, and any agency thereof, to corruptly solicit, demand, and accept, or agree to do so, for the benefit of any person, anything of

value from any person, intending to be influenced or rewarded in connection any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more, in violation of Title 18, United States Code, Section 666(a)(1)(B); and

b. To corruptly give, offer, and agree to give anything of value to any person with intent to influence or reward an agent of a local government, and any agency thereof, involving anything of value of $5,000 or more, in violation of Title 18, United States Code, Section 666(a)(2).

## Manner and Means

20. It was part of the conspiracy that Samuel A. Crish requested cash from DARREL K. KISTLER in exchange for Crish helping KISTLER secure dismissal of his solicitation case, the value of the assistance being at least $7,000.

21. It was further part of the conspiracy that KISTLER and Crish disguised the $7,000 bribe as a "loan" to Crish.

22. It was further part of the conspiracy that Crish approached municipal court prosecutors in Lima, Ohio and, as sheriff, demanded that KISTLER's solicitation case be dismissed.

## Overt Acts

23. In furtherance of the unlawful conspiracy, and to effect its objectives, the co-conspirators committed the following overt acts, among others, in the Northern District of Ohio, Western Division:

a. On or about September 25, 2015, DARREL K. KISTLER wrote and delivered a $7,000 personal check to Samuel A. Crish.

b. On or about September 25, 2015, Crish deposited KISTLER's $7,000 check.

c. On or about November 24, 2015, Crish appeared at the Lima municipal court, where other law enforcement officers and prosecutors were present, and, in their presence, demanded that prosecutors dismiss KISTLER's solicitation case.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(Bribery Concerning Programs Receiving Federal Funds, 18 U.S.C. § 666(a)(2))

The Grand Jury further charges:

24. The allegations in paragraphs 1 through 17 of the indictment are incorporated here.

25. On or about September 25, 2015, in the Northern District of Ohio, Western Division, Defendant DARREL K. KISTLER did corruptly give, offer, and agree to give a thing of value, that is, a $7,000 loan, to any person, that is, Samuel A. Crish, intending to influence and reward Crish, an agent of the Allen County Sheriff's Office, in connection with business and transactions of the Allen County Sheriff's Office involving $5,000 or more, in violation of Title 18, United States Code, Section 666(a)(2).

## COUNT 3
(False Statements, 18 U.S.C. § 1001(a)(2))

The Grand Jury further charges:

26. The allegations in paragraphs 1 through 17 of the indictment are incorporated here.

27. On or about March 3, 2016, in the Northern District of Ohio, Western Division, Defendant DARELL K. KISTLER did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: during an interview in Toledo, Ohio, KISTLER stated to an FBI agent that:

7

a. He did not know backpage.com was a website used to solicit prostitution, the statement and representation being willfully and knowingly false because, as KISTLER then and there knew, he had known that backpage.com was a website used to solicit prostitution;

b. He believed he was interacting with a "massage business" when he responded to a backpage.com ad, the statement and representation being willfully and knowingly false because, as KISTLER then and there knew, he believed he was dealing with an individual engaging in prostitution;

c. His payment of $7,000 to Crish was "not a bribe" for Crish's assistance in getting KISTLER's solicitation case dismissed, the statement and representation being willfully and knowingly false because, as KISTLER then and there knew, he did pay $7,000 to Crish as a bribe for Crish's assistance in getting the solicitation case dismissed; and

d. He believed his solicitation case was dismissed because the prosecutor "didn't have a case to begin with," the statement and representation being willfully and knowingly false because, as KISTLER then and there knew, substantial evidence supported the solicitation charge.

All in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.